## Spielman v. Spielman

*Robert W. Geigley,* for plaintiff.

*Steven Spielman, p.p.*

MacPHAIL, P.J., February 23, 1972.—In this action of divorce, defendant did not appear nor was he represented by counsel. Jurisdiction of defendant was obtained by personal service of the complaint. The master has recommended that a divorce be granted on the ground of indignities. The evidence in the record is sufficient to warrant the recommendation.

However, it appears that on November 12, 1971, the master sent a notice of the master's hearing to defendant by certified mail, return receipt requested, and also requested for delivery to addressee only. The master also sent a copy of the notice of hearing by ordinary mail to another address where plaintiff's counsel thought defendant could be found. The hearing date fixed by the master was December 2, 1971. The postal receipt identified by plaintiff as being signed by her husband indicates that that notice was not received by the husband until November 27, 1971.

Our local rule of court (no. 218 civil) provides that the master shall give at least 10 days written notice of the time and place of the hearing. Obviously, the reason for the rule is to provide defendant with ample notice of the time for hearing, should he want to appear in or defend the action: Hawn v. Hawn, 2 Adams 167 (1957). The mere fact that the master has *sent* his notice at least 10 days prior to the date of hearing does not comply with either the purpose or the intent of the rule. Defendant must have received the notice at least 10 days prior to the hearing before the requirements of the rule have been met: Rohm v. Rohm, 11 Adams 5 (1969), and Nelson v. Nelson, 3 Adams 145 (1957).

Therefore, under the facts in this case, since defendant did not have the requisite 10-day notice, no decree can be entered.

However, the defect in the within matter does not go to jurisdiction, but rather to due process of law. Therefore, in accord with Hawn v. Hawn, supra, and Nelson v. Nelson, supra, the matter will be referred back to the master for an additional hearing after proper notice. Should defendant again fail to appear at the master's hearing, the testimony previously received by the master may be incorporated by reference in the master's supplemental report and an appropriate decree will thereupon be entered.

## ORDER OF COURT

And now, February 23, 1972, the above case is returned to the master for additional hearing after proper notice to defendant of the time and place thereof.